UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW CRUTCHER,

          Plaintiff,

      v.                                              Case No. 25-cv-0492-bhl

JUAN CASTELAN,
NATHAN ARJON,
CHRISTOPHER SCHMALING, and
VITAL CORE HEALTH CARE STRATEGIES,

          Defendants.

## SCREENING ORDER

      Plaintiff Andrew Crutcher, who is currently serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Racine County Jail. On May 12, 2025, Crutcher paid the $405 civil case filing fee. Accordingly, the Court will deny his motion for leave to proceed without prepaying the full filing fee. This matter is before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Crutcher, Defendants Juan Castelan and Nathan Arjon were correctional officers at the Racine County Jail while Crutcher was confined there. Crutcher asserts that on September 29, 2023, he informed Castelan that psychologist Brittany Perez (who is *not* a Defendant) had been "sexually harassing" him by threatening to falsely report that he had sexually abused her if he refused her directive to sell contraband to other inmates and then send her the money. Crutcher states that Castelan said he would report Crutcher's concerns to the jail

administration, but nothing happened.  Crutcher asserts that he complied with Perez's directive because he was afraid that she would make a false report against him.  A few weeks later, on October 18, 2023, Crutcher reported Perez's alleged misconduct to Arjon, who also informed Crutcher that he would inform jail administration.  Again, Crutcher allegedly received no further response.

According to Crutcher, Castelan and Arjon failed to protect him from "a risk of serious harm to falsified sexual abuse allegations from Perez."  He also alleges that Racine County Sheriff Christopher Schmaling failed to adequately train Castelan and Arjon on their Prison Rape Elimination Act (PREA) reporting obligations, and that Vital Core Health Care Strategies, the agency that employed Perez, failed to "provide adequate training and supervisory skills to it[s] employee[s] which resulted in the plaintiff having to endure unnecessary emotional stress."  Dkt. No. 1 at 6.

### THE COURT'S ANALYSIS

Crutcher states a failure-to-protect claim against Castelan and Arjon, but not for the reason he asserts.  According to Crutcher, Castelan and Arjon failed to protect him from a "risk" of being falsely accused of sexual assault, but it does not appear that Perez ever accused Crutcher of sexual abuse as he claims he feared she would do.  The Seventh Circuit has explained that "failure to prevent exposure to risk of harm . . . does not entitle [a plaintiff] to monetary compensation." *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996).  Crutcher does not state a claim against Castelan or Arjon based on allegations that they failed to act on his fear that Perez would falsely accuse him because the false accusation never occurred.

Crutcher's allegations are sufficient, however, to state a failure-to-protect claim against Castelan and Arjon based on allegations that they failed to intervene in Perez's alleged extortion scheme, by which she coerced Crutcher to sell contraband to other inmates and then send her the

3

cash.  *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (holding that a plaintiff may state a claim against jail officials who "ignore[] a realistic opportunity to intervene" in another official's misconduct).  A prison official forcing an inmate through threats to engage in misconduct for her own personal gain is objectively unreasonable conduct and therefore would run afoul of the Fourteenth Amendment's prohibition against objectively unreasonable conditions of confinement.[1]  Accordingly Castelan and Arjon's alleged failure to intervene in Perez's alleged misconduct is sufficient to state a failure-to-protect/failure-to-intervene claim.  *See Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022) (holding that the objective unreasonableness standard applies to failure-to-protect claims brought by pretrial detainees).

Crutcher does not, however, state a claim against Christopher Schmaling or Vital Core Health Care Strategies based on their alleged failure to adequately train their employees to comply with PREA.  It is not clear why Crutcher believes PREA is relevant to his claim as there is no allegation that any sexual misconduct actually occurred.  Perez allegedly threatened Crutcher with a false allegation that he had engaged in sexual misconduct, but Crutcher does not allege that Perez engaged in any sexual misconduct.  Therefore, whatever PREA training did or did not occur is irrelevant.  In any event, Crutcher's assumption that training (or the lack thereof) by Schmaling or Vital Core Health Care Strategies was the moving force behind Castelan and Arjon's failure to report Crutcher's concerns is not supported by sufficient factual content to raise his right to relief above the speculative level.  *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It appears that Crutcher wants to hold Schmaling and Vital Core Health Care Strategies liable for the misconduct

---

[1] As noted, Crutcher does not seek to pursue a claim against Perez based on her alleged misconduct.  Crutcher is reminded that to prevail on a failure-to-protect or failure-to-intervene claim, he will have to *prove* that there was an underlying violation.  *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation . . . .").

4

of Castelan, Arjon, and Perez, but under §1983, the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

**IT IS THEREFORE ORDERED** that Crutcher's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED as moot** because Crutcher paid the $405 civil case filing fee.

**IT IS FURTHER ORDERED** that Crutcher fails to state a claim on which relief can be granted against Christopher Schmaling and Vital Core Health Care Strategies, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Juan Castelan and Nathan Arjon pursuant to Federal Rule of Civil Procedure 4. Crutcher is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Juan Castelan and Nathan Arjon shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Crutcher is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Crutcher may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on May 20, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge